WALSH, Appellant, vs. CITY OF RICHLAND CENTER and others, Respondents.

*April 10—May 9, 1939.*

For the appellant there was a brief by *Lee & Boesel,* and oral argument by *Vincent S. Reilly,* all of Madison.

*O. D. Black* of Richland Center, for the respondents.

NELSON, J. The material facts are not in dispute. In 1935 the plaintiff was elected chief of police of the city of Richland Center, for a two-year term which expired on May 1, 1937. Prior to the year 1936, sec. 62.13 (1), which required all cities, except those having a population of less than four thousand, to have a board of police and fire commissioners, did not apply to the city of Richland Center because its population was less than four thousand. However, in December, 1936, the common council, pursuant to the provisions of sec. 62.13 (2), Stats., duly passed an ordinance which established a board of police commissioners. Thereafter, the mayor appointed five members who qualified and organized as a board. On April 30, 1937, the day before the plaintiff's elective term of office expired, the board unanimously adopted the following motion:

"That Donald Teach and George B. Spangler be appointed as police patrolmen and Frank X. Walsh as captain of patrolmen until the commission sees fit to appoint a permanent chief of police."

On May 11, 1937, the board adopted the following resolution:

"Resolved, that Frank X. Walsh be appointed captain of police and act as chief of police temporarily for the city of Richland Center, Wisconsin, until the commission sees fit to elect or appoint a permanent chief of police." The minutes recite that "Frank X. Walsh was called in; consulted with the commission."

The plaintiff thereafter continued to act as chief of police until April 9, 1938, when the board appointed George B. Spangler, chief of police.

The board, during the early days of its organization, took certain steps looking to the appointment of a chief of police.

Immediately after June 1, 1937, the board ceased to function because on that day the common council passed an ordinance which purported to repeal the ordinance theretofore adopted in December, 1936, which established the board. It seems to have been assumed up until March, 1938, that the repealing ordinance was valid. However, in March, 1938, the city attorney rendered an opinion that the repealing ordinance was void because not "adopted by a majority of all the members of the council." The repealing ordinance was passed by a vote of three to two, which obviously was not a majority of the six members of the council. Sec. 62.13 (2), Stats. Upon the rendering of the opinion by the city attorney, the board resumed its functions, and on April 9, 1938, subsequent to the spring election at which the plaintiff and George B. Spangler were rival candidates for the office of chief of police, and at which election the plaintiff received eight hundred seventy-seven votes and Mr. Spangler received one thousand one hundred eighty-six votes, appointed the latter chief of police. Mr. Spangler thereafter qualified and assumed the duties of that office. The plaintiff apparently considered that the appointment of Mr. Spangler was invalid and that he was still the chief of police. The plaintiff continued to claim the office and served notice of such claim upon the board, the mayor, and the common council. On April 28, 1938, the commission adopted the following motion:

"That Frank X. Walsh be formally dismissed from any and all connections or position with the police department for the city of Richland Center, Wisconsin, under Rule Six (6) regulating the police department of the city of Richland Center, Wisconsin. Be it further resolved that Frank X. Walsh has had no connection with the police department since April 13, 1938."

Rule No. 6 referred to in the motion is as follows:

"All appointments will be upon probation. If during the first year of actual service, the person proves unfit for the position, he will be dropped from the force."

The plaintiff first contends that by virtue of the resolution adopted by the board on May 11, 1937, he was duly appointed chief of police and could not thereafter be removed except for cause, as provided by sec. 62.13 (5), Stats. A reading of that resolution clearly reveals that the board did not appoint the plaintiff chief of police. The resolution simply provided that the plaintiff "be appointed captain of police and act as chief of police temporarily . . . until the commission sees fit to elect or appoint a permanent chief of police." Nor is there anything in the motion of April 30, 1937, to indicate that the board intended at that time to appoint the plaintiff chief of police. That motion appointed him as "captain of patrolmen until the commission sees fit to appoint a permanent chief of police." It is clear that the commission, by its resolution of May 11th, did nothing more than to authorize the plaintiff to act as chief of police temporarily. · The language of that resolution is not susceptible of a construction which will uphold the plaintiff's contention. Upon the appointment of a chief of police, there was then no occasion for the plaintiff's further acting as chief of police and his authority to exercise the duties of that office ceased.

The plaintiff, upon this appeal, further contends, apparently for the first time, that even if he was not appointed chief of police he was appointed "captain of police" and could not be removed from that position except for cause. The motion of April 30, 1937, is not susceptible of any such construction. That motion appointed the plaintiff as "captain of patrolmen until the commission sees fit to appoint a permanent chief of police." The resolution of May 11, 1937, considered by itself alone and apart from the prior motion, lends some support to the contention that the board intended to appoint the plaintiff "captain of police" and to authorize him to act as chief of police temporarily until the commission saw fit to elect or appoint a permanent chief of police. While the language of that resolution is somewhat ambiguous, and while it is subject to the construction that the commission

intended to appoint him captain of police, it does not aid the plaintiff or support his contention that he is still captain of police, even if so construed. Sec. 62.13 (3), Stats., in part provides:

"The board shall appoint the chief of police. . . ."

Sec. 62.13 (4) (a), Stats., in part provides:

"The chiefs shall appoint subordinates subject to approval by the board. . . ."

It cannot be denied that the captain of police is a subordinate, and that subordinates, intended to have permanent tenure, can be appointed only by the chief of police, subject to approval by the board. The board obviously had no authority to appoint a permanent captain of police. Even if it be assumed that the plaintiff, while temporarily acting as chief of police, had authority to appoint subordinates, subject to approval by the board, he did not appoint or attempt to appoint himself captain of police.

In respect to the plaintiff's second contention, it must be held that the board had no authority under the statute to appoint a permanent subordinate and endow him with the right to hold the office or employment until discharged for cause.

The plaintiff further contends that since the optional powers of the board mentioned in sec. 62.13 (6), Stats., had never been adopted by the electors, the board was without power to adopt Rule No. 6. We regard the action taken by the board on April 28, 1936, in purported pursuance of the provisions of Rule No. 6, as wholly immaterial, as found and determined by the trial court. So we deem it unnecessary to determine whether Rule No. 6 could not legally be adopted by the board in the absence of adoption by the electors of the so-called "optional powers of the board" hereinbefore referred to.

It is suggested that the board had no authority to make a temporary appointment to the office of chief of police for the reason that there is no statute which authorized the board to

make such an appointment. It is true that the statute does not specifically authorize the board to make a temporary appointment to that office. The board, however, did not pretend to make a temporary appointment to the office of chief of police. It simply authorized the plaintiff temporarily to act as chief of police. When such an authorization is given, and it is temporary in nature and understood to be such, the person authorized to act as chief of police can neither claim a permanent appointment by virtue of such temporary authorization nor assert that he has been wronged by a removal without cause when a chief of police is duly appointed.

*By the Court.*—Judgment affirmed.